1   THOMAS E. FRANKOVICH,
    *A Professional Law Corporation*
2   THOMAS E. FRANKOVICH (State Bar No. 074414)
    4328 Redwood Hwy., Suite 300
3   San Rafael, CA 94903
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900

5   Attorneys for Plaintiff
    CRAIG YATES, an individual
6

**FILED**

**JUL 2 9 2010**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7            **UNITED STATES DISTRICT COURT**

8          **NORTHERN DISTRICT OF CALIFORNIA**

9

10   CRAIG YATES, an individual,
11
12       Plaintiff,
13   v.
14   BARTLETT MARKET& LIQUORS;
15   DISCOUNT CLUB LIQUORS dba
    BARTLETT MARKET& LIQUORS;
16   LATIF FAED, an individual dba
    BARTLETT MARKET& LIQUORS; and
17   MARION VIZZARD, Administrator/Trustee
18   of the ESTATE of THOMAS VIZZARD,
19       Defendants.
20
21
22
23
24
25
26
27
28

**CASE NO.** CV 10 3347

**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1        Plaintiff CRAIG YATES, an individual, complains of defendants DISCOUNT CLUB

2   LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba

3   BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the

4   ESTATE of THOMAS VIZZARD and alleges as follows:

5   **INTRODUCTION:**

6       1.    This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

8   for failure to remove architectural barriers structural in nature at defendants' BARTLETT

9   MARKET, a place of public accommodation, thereby discriminatorily denying plaintiff and the

10  class of other similarly situated persons with physical disabilities access to, the full and equal

11  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

12  accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15      2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16  October 24, 2009, October 27, 2009, July 14, 2010 and July 21, 2010, was an invitee, guest,

17  patron, customer at defendants' BARTLETT MARKET, in the City of San Francisco, California.

18  At said times and place, defendants failed to provide proper legal access to the market, which is a

19  "public accommodation" and/or a "public facility" including, but not limited to the entrance.

20  The denial of access was in violation of both federal and California legal requirements, and

21  plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was

22  embarrassed and humiliated.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 3347 24th Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.     Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET&
2  LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and
3  MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD
4  (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,
5  lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public
6  accommodation known as BARTLETT MARKET & LIQUORS, located at/near 3347 24th Street,
7  San Francisco, California, or of the building and/or buildings which constitute said public
8  accommodation.

9    7.    At all times relevant to this complaint, defendants DISCOUNT CLUB LIQUORS
10  dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT
11  MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of
12  THOMAS VIZZARD, own and operate in joint venture the subject BARTLETT MARKET as a
13  public accommodation. This business is open to the general public and conducts business
14  therein. The business is a "public accommodation" or "public facility" subject to the
15  requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955,
16  *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

17    8.    At all times relevant to this complaint, defendants DISCOUNT CLUB LIQUORS
18  dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT
19  MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of
20  THOMAS VIZZARD are jointly and severally responsible to identify and remove architectural
21  barriers at the subject BARTLETT MARKET pursuant to Code of Federal Regulations title 28,
22  section 36.201(b), which states in pertinent part:

23    **§ 36.201    General**

24    (b) *Landlord and tenant responsibilities.* Both the landlord
    who owns the building that houses a place of public
25    accommodation and the tenant who owns or operates the place of
    public accommodation are public accommodations subject to the
26    requirements of this part. As between the parties, allocation of
    responsibility for complying with the obligations of this part may
27    be determined by lease or other contract.

28    28 CFR §36.201(b)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2       9.     The BARTLETT MARKET, is a grocery store, located at/near 3347 24th Street,

3 San Francisco, California. The BARTLETT MARKET, its entrance, and its other facilities are

4 each a "place of public accommodation or facility" subject to the barrier removal requirements of

5 the Americans with Disabilities Act. On information and belief, each such facility has, since July

6 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the

7 BARTLETT MARKET and each of its facilities, its entrance to disability access requirements

8 per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

9 California Code of regulations (Title 24).

10       10.     At all times stated herein, defendants' and each of them with the knowledge that

11 each of them had a continuing obligation to identify and remove architectural barriers where it

12 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

13 compliant access to the subject accommodation.

14       11.     At all times referred to herein and continuing to the present time, defendants, and

15 each of them, advertised, publicized and held out the BARTLETT MARKET & LIQUORS as

16 being handicapped accessible and handicapped usable.

17       12.     On or about October 24, 2009, October 27, 2009, July 14, 2010 and July 21, 2010,

18 plaintiff CRAIG YATES was an invitee and guest at the subject BARTLETT MARKET, for

19 purposes of purchasing goods.

20       13.     On or about October 24, 2009, October 27, 2009, July 14, 2010 and July 21, 2010,

21 plaintiff CRAIG YATES was unable to access the market due to a three (3) to four (4) inch

22 concrete landing/step.

23       14.     On or about November 2, 2009, plaintiff CRAIG YATES wrote both the landlord

24 and tenant concerning the step. Plaintiff CRAIG YATES suggested possibly going to the City to

25 secure permission to raise the sidewalk and provided two (2) sources from which to gain

26 information.

27 ///

28 ///

1    15.    On or about December 3, 2009, attorney, Michael Hall on behalf of the property

2  owner for BARTLETT MARKET wrote plaintiff CRAIG YATES and indicated that the owner

3  was hiring a contractor and securing a permit and that the work would be done as soon as

4  practicable.

5    16.    On or about December 14, 2009, plaintiff CRAIG YATES wrote attorney,

6  Michael Hall and told him that the work should be done by May 31, 2010, and that it was Hall's

7  job to monitor, follow-up and get the job done.

8    17.    On or about January 6, 2010, plaintiff CRAIG YATES having misplaced his

9  December 14, 2009, letter to attorney Michael Hall, wrote attorney Michael Hall a second (2)

10  letter. Plaintiff CRAIG YATES's letter stated in part:

11    •    Access into the store is provided by June 30, 2010;

12    •    You write me when access is provided;

13    •    If access is not or cannot be done, please write me a detailed letter telling

14        me what, when and why access could not be provided and everything done

15        to do so; and

16    •    It's up to you to stay on top of this. That way, I will not have to become

17        more involved. Thank you.

18    18.    On or about July 14, 2010, when plaintiff CRAIG YATES returned to

19  BARTLETT MARKET to purchase goods and to see that access was provided, he was upset to

20  see that it was just one more promise to provide access that was broken; even though, it's been

21  the law for twenty (20) years. There was still no ramp.

22    19.    At said time and place, plaintiff CRAIG YATES asked who appeared to be a

23  market employee, why there was no access . . . why it hadn't been fixed. The assumed employee

24  stated that he didn't really know but that the market had been sold and a new operator would be

25  taking over.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

20.     On or about July 21, 2010, plaintiff CRAIG YATES again visited the BARTLETT MARKET. There was no portable ramp. Plaintiff CRAIG YATES asked an employee for the name and number of the "would be" new owner. The employee in substance said, he did not know but that a banner would be placed on the building when the ownership changed.

21.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject BARTLETT MARKET which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.   lack of an accessible entrance due to a three (3) to four (4) inch concrete landing;

    b.   lack of any means to secure assistance;

    c.   lack of alternative means and measures to access the store; and

    d.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

22.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

23.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

///
///
///
///

24.     As a legal result of defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

25.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

26.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

27.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD , because defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD maintained a market without access for persons with physical disabilities to its facilities, including but not limited to the entrance and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

28.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

29. Plaintiff, as described hereinbelow, seeks injunctive relief to require the BARTLETT MARKET to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the market as a public facility.

30. Plaintiff seeks damages for violation of their civil rights on October 24, 2009, October 27, 2009, July 14, 2010 and July 21, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

31. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

32. Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling defendants to make the BARTLETT MARKET accessible to persons with disabilities.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    33.    On information and belief, defendants have intentionally undertaken to modify and
2  alter existing building(s), and have failed to make them comply with accessibility requirements
3  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5  and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6  out by defendants, and each of them, with a willful and conscious disregard for the rights and
7  safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9  defendants, and each of them, to other operators and landlords of other markets and other public
10  facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5
11  and 54.

12    34.    Plaintiff is informed and believes and therefore alleges that defendants
13  DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an
14  individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD,
15  Administrator/Trustee of the ESTATE of THOMAS VIZZARD, and each of them, caused the
16  subject building(s) which constitute the BARTLETT to be constructed, altered and maintained in
17  such a manner that persons with physical disabilities were denied full and equal access to, within
18  and throughout said building(s) of the subject market and were denied full and equal use of said
19  public facilities. Furthermore, on information and belief, defendants have continued to maintain
20  and operate said market and/or its building(s) in such conditions up to the present time, despite
21  actual and constructive notice to such defendants that the configuration of the BARTLETT
22  MARKET and/or its building(s) is in violation of the civil rights of persons with physical
23  disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.
24  Such construction, modification, ownership, operation, maintenance and practices of such public
25  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and
26  the ADA, 42 U.S.C. §12101, *et seq.*

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the BARTLETT MARKET & LIQUORS and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the BARTLETT MARKET accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the subject market. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

36.    Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD, inclusive) (42 U.S.C. §12101, *et seq.*)

37.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 36 of this complaint.

38.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

39.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1    40.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

4  accommodations identified for purposes of this title was:

5         (7)    PUBLIC ACCOMMODATION - The following private
              entities are considered public accommodations for purposes of this
6              title, if the operations of such entities affect commerce -

7                              ---

8              (E) a bakery, grocery store, clothing store, hardware store,
           shopping center, or other sales or rental establishment.
9
           42 U.S.C. §12181(7)(E)
10

11    41.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

12  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

13  privileges, advantages, or accommodations of any place of public accommodation by any person

14  who owns, leases, or leases to, or operates a place of public accommodation."

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       42.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3          (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

7          (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

11          (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

15          (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

17          (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

21  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25  ///

26  ///

27  ///

28  ///

1      43.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of
3  BARTLETT MARKET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and
4  belief, if the removal of all the barriers complained of herein together was not "readily
5  achievable," the removal of each individual barrier complained of herein was "readily
6  achievable."  On information and belief, defendants' failure to remove said barriers was likewise
7  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9      44.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10  accomplishable and able to be carried out without much difficulty or expense."  The statute
11  defines relative "expense" in part in relation to the total financial resources of the entities
12  involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13  plaintiff complains of herein were and are "readily achievable" by the defendants under the
14  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16  make the required services available through alternative methods which were readily achievable.

17      45.    On information and belief, construction work on, and modifications of, the subject
18  building(s) of BARTLETT MARKET occurred after the compliance date for the Americans with
19  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
20  the ADA.

21      46.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25  to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or
26  making use of the public facilities complained of herein so long as the premises and defendants'
27  policies bar full and equal use by persons with physical disabilities.
28  ///

47.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about July 21, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.   Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

48.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.   Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

49.   Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this complaint.

///

///

///

///

///

///

///

1   50.   At all times relevant to this action, California Civil Code §54 has provided that

2  persons with physical disabilities are not to be discriminated against because of physical handicap

3  or disability.  This section provides that:

4         (a) Individuals with disabilities . . . have the same rights as
          the general public to full and free use of the streets, highways,
5         sidewalks, walkways, public buildings, medical facilities, including
          hospitals, clinics, and physicians' offices, and other public places.

6

7   51.   California Civil Code §54.1 provides that persons with disabilities shall not be

   denied full and equal access to places of public accommodation or facilities:

8
          (a)(1) Individuals with disabilities shall be entitled to full
9         and equal access, as other members of the general public, to
          accommodations, advantages, facilities, medical facilities, including
10        hospitals, clinics, and physicians' offices, and privileges of all
          common carriers, airplanes, motor vehicles, railroad trains,
11        motorbuses, streetcars, boats, or any other public conveyances or
          modes of transportation (whether private, public, franchised,
12        licensed, contracted, or otherwise provided), telephone facilities,
          adoption agencies, private schools, hotels, lodging places, places of
13        public accommodation, amusement or resort, and other places to
          which the general public is invited, subject only to the conditions
14        and limitations established by law, or state or federal regulation, and
          applicable alike to all persons.
15
          Civil Code §54.1(a)(1)
16

17  52.   California Civil Code §54.1 further provides that a violation of the Americans with

18  Disabilities Act of 1990 constitutes a violation of section 54.1:

19        (d) A violation of the right of an individual under the
          Americans with Disabilities Act of 1990 (Public Law 101-336) also
20        constitutes a violation of this section, and nothing in this section
          shall be construed to limit the access of any person in violation of
21        that act.

22        Civil Code §54.1(d)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    53.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6  defendants' BARTLETT MARKET. As a legal result, plaintiff is entitled to seek damages

7  pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

8  each day on which he visited or have been deterred from visiting the market because of his

9  knowledge and belief that the market is inaccessible to persons with disabilities. California Civil

10 Code §54.3(a) provides:

11          Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
12          in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
13          liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
14          to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
15          attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
16          Sections 54, 54.1 and 54.2.

17          Civil Code §54.3(a)

18   54.    On or about October 24, 2009, October 27, 2009, July 14, 2010 and July 21, 2010,

19 plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG

20 YATES was denied access to the entrance and other public facilities as stated herein at the subject

21 market and on the basis that plaintiff CRAIG YATES  was a person with physical disabilities.

22   55.    As a result of the denial of equal access to defendants' facilities due to the acts and

23 omissions of defendants, and each of them, in owning, operating and maintaining these subject

24 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

25 rights under Civil Code §§54, 54.1 and 54.3.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

56.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

57.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about October 24, 2009, October 27, 2009, July 14, 2010 and July 21, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

58.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

///

1  **III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
           FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
2          (On Behalf of Plaintiff CRAIG YATES, an individual and Against
           Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS;
3          LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION
           VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD , inclusive)
4          (Health & Safety Code §19955, *et seq.*)

5          59.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

6  the allegations contained in paragraphs 1 through 58 of this complaint.

7          60.     Health & Safety Code §19955 provides in pertinent part:

8                  The purpose of this part is to insure that public accommodations or
                   facilities constructed in this state with private funds adhere to the
9                  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
                   of Title 1 of the Government Code.  For the purposes of this part
10                 "public accommodation or facilities" means a building, structure,
                   facility, complex, or improved area which is used by the general
11                 public and shall include auditoriums, hospitals, theaters, restaurants,
                   hotels, motels, stadiums, and convention centers.  When sanitary
12                 facilities are made available for the public, clients or employees in
                   such accommodations or facilities, they shall be made available for
13                 the handicapped.

14         61.     Health & Safety Code §19956, which appears in the same chapter as §19955,

15 provides in pertinent part, "accommodations constructed in this state shall conform to the

16 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

17 Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

18 public accommodations constructed or altered after that date.  On information and belief, portions

19 of the BARTLETT MARKET and/or of the building(s) were constructed and/or altered after July

20 1, 1970, and substantial portions of the BARTLETT and/or the building(s) had alterations,

21 structural repairs, and/or additions made to such public accommodations after July 1, 1970,

22 thereby requiring said market and/or building to be subject to the requirements of Part 5.5,

23 §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

24 per Health & Safety Code §19959.

25 ///

26 ///

27 ///

28 ///

62.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of BARTLETT MARKET & LIQUORS and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

63.     Markets such as the BARTLETT MARKET  are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

64.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

65.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

1  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2      66.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5  **IV.**    **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
    **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6      **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***
    ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
7      (On Behalf of Plaintiff CRAIG YATES, an individual and Against
    Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS;
8      LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION
    VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD, inclusive)
9      (Civil Code §51, 51.5)

10      67.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

11  the allegations contained in paragraphs 1 through 66 of this complaint.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    68.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4  Unruh Act provides:

5           This section shall be known, and may be cited, as the Unruh
         Civil Rights Act.

6
         All persons within the jurisdiction of this state are free and
7        equal, and no matter what their sex, race, color, religion, ancestry,
         national origin, or **disability** are entitled to the full and equal
8        accommodations, advantages, facilities, privileges, or services in all
         business establishments of every kind whatsoever.

9
         This section shall not be construed to confer any right or
10       privilege on a person that is conditioned or limited by law or that is
         applicable alike to persons of every sex, color, race, religion,
11       ancestry, national origin, or **disability.**

12       Nothing in this section shall be construed to require any
         construction, alteration, repair, structural or otherwise, or
13       modification of any sort whatsoever, beyond that construction,
         alteration, repair, or modification that is otherwise required by other
14       provisions of law, to any new or existing establishment, facility,
         building, improvement, or any other structure . . . nor shall anything
15       in this section be construed to augment, restrict, or alter in any way
         the authority of the State Architect to require construction,
16       alteration, repair, or modifications that the State Architect otherwise
         possesses pursuant to other . . . laws.

17
         A violation of the right of any individual under the
18       Americans with Disabilities Act of 1990 (Public Law 101-336) shall
         also constitute a violation of this section.

19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

69.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

70.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §37, *et seq.*, as if repled herein.

71.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    72.   Further, plaintiff CRAIG YATES suffered mental distress, mental

2  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3  disappointment and worry, all of which are expectedly and naturally associated with a denial of

4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6  basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7  unable, because of the architectural barriers created and maintained by the defendants in violation

8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9  other persons.

10    73.   Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13  allowed by statute, according to proof if deemed to be the prevailing party.

14  **PRAYER:**

15    Plaintiff prays that this court award damages and provide relief as follows:

16  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

17  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
      (On Behalf of Plaintiff CRAIG YATES, an individual and Against

18  Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS;
      LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION

19  VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD, inclusive)
      (42 U.S.C. §12101, *et seq.*)

20

21    1.   For injunctive relief, compelling defendants DISCOUNT CLUB LIQUORS dba

22  BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET&

23  LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS

24  VIZZARD , inclusive, to make the BARTLETT MARKET & LIQUORS, located at 3347 24th

25  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

26  per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice,

27  eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

28  privileges, advantages and accommodations being offered.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

2  prevailing party; and

3    3.    For such other and further relief as the court may deem proper.

4  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
    **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5    **AND 54.3,** *ET SEQ.*
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against
6    Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS;
    LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION
7    VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD , inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)
8

9    1.    For injunctive relief, compelling defendants DISCOUNT CLUB LIQUORS dba

10  BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET&

11  LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS

12  VIZZARD , inclusive, to make the BARTLETT MARKET & LIQUORS, located at 3347 24th

13  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

14  per state law.

15    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

16  each occasion on which plaintiff was deterred from returning to the subject public

17  accommodation.

18    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

19  if plaintiffs are deemed the prevailing party;

20    4.    Treble damages pursuant to Civil Code §54.3;

21    5.    General damages according to proof;

22    6.    For all costs of suit;

23    7.    Prejudgment interest pursuant to Civil Code §3291; and

24    8.    Such other and further relief as the court may deem just and proper.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

III. **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD , inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendants DISCOUNT CLUB LIQUORS dba

BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET&

LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS

VIZZARD , inclusive, to make the BARTLETT MARKET & LIQUORS, located at 3347 24th

Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

IV. **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DISCOUNT CLUB LIQUORS dba BARTLETT MARKET& LIQUORS; LATIF FAED, an individual dba BARTLETT MARKET& LIQUORS; and MARION VIZZARD, Administrator/Trustee of the ESTATE of THOMAS VIZZARD , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

for each occasion on which plaintiff was deterred from returning to the subject public

accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

party;

///

///

1    3.    General damages according to proof;

2    4.    Treble damages pursuant to Civil Code §52(a);

3    5.    For all costs of suit;

4    6.    Prejudgment interest pursuant to Civil Code §3291; and

5    7.    Such other and further relief as the court may deem just and proper.

6

7    Dated: _____, 2010          THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
8

9
                                By: _____
10
                                       THOMAS E. FRANKOVICH
11                               Attorneys for Plaintiff CRAIG YATES, an individual

12
                               **DEMAND FOR JURY TRIAL**
13

14    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

15

16   Dated: _____2010          THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*
17

18
                                By: _____
19
                                       THOMAS E. FRANKOVICH
20                               Attorneys for Plaintiff CRAIG YATES, an individual

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28