1  MICHAEL C. HALL (SBN 98103)
   mhall@mhalllaw.com
2  FRANCISCO A. GUTIERREZ (SBN 238483)
   fgutierrez@mhalllaw.com
3  **M C HALL & ASSOCIATES**
   605 Market Street, Suite 900
4  San Francisco, CA 94105
   Telephone: (415) 512-9865
5  Facsimile: (415) 495-7204

6  Attorneys for Defendant
   MARIAN VIZZARD (incorrectly sued herein as "Marion Vizzard")
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

11 | CRAIG YATES, an individual, ) Case No.: CV-10-3347 MEJ
12 | Plaintiff, ) **ANSWER TO COMPLAINT**
13 | vs. ) **DEMAND FOR JURY TRIAL**
14 | BARTLETT MARKET & LIQUORS;
   | DISCOUNT CLUB LIQUORS dba
15 | BARTLETT MARKET & LIQUORS;
   | LATIF FAED, an individual dba
16 | BARTLETT MARKET & LIQUORS; and
   | MARION VIZZARD,
17 | Administrator/Trustee of the ESTATE of
   | THOMAS VIZZARD,
18
   | Defendants.
19

20      Defendant MARIAN VIZZARD (incorrectly sued herein as "Marion Vizzard"),
21 Administrator/Trustee of the ESTATE of THOMAS VIZZARD (hereinafter
22 "Defendant"), hereby responds to the unverified Complaint filed on July 29, 2010
23 (hereinafter "Complaint") by Plaintiff CRAIG YATES (hereinafter "Plaintiff") as
24 follows:

25                          **INTRODUCTION**

26      1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff
27 alleges that this is a civil rights action for discrimination against persons with physical
28 disabilities, and that Plaintiff seeks injunctive relief and damages pursuant to the

1. Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.; California Civil Code § §51, 51.5 and 54, et seq.; and California Health & Safety Code § 19955, et seq. Except as expressly admitted herein, Defendant denies generally and specifically the remaining allegations contained in this paragraph.

2. In response to paragraph 2 of the Complaint, Defendant admits that BARTLETT MARKET is a "public accommodation or facility," but is without knowledge or information sufficient to form a belief as to whether Plaintiff was a person with physical disabilities, or whether Plaintiff was, on the dates alleged, an invitee, guest, patron, or customer at BARTLETT MARKET, and on that basis denies each of the remaining allegations therein.

## JURISDICTION AND VENUE

3. In response to paragraph 3 of the Complaint, Defendant admits all allegations therein.

4. In response to paragraph 4 of the Complaint, Defendant admits all allegations therein.

5. In response to paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations in said paragraph, and on that basis denies each of the allegations therein.

6. In response to paragraph 6 of the Complaint, Defendant admits all allegations therein.

7. In response to paragraph 7 of the Complaint, Defendant denies generally and specifically that she operates the subject BARTLETT MARKET as a joint venture, or at all, and otherwise admits all allegations therein.

8. In response to paragraph 8 of the Complaint, Defendant admits all allegations therein.

///

///

///

## SPECIFIC ADMISSIONS AND DENIALS
## (PRELIMINARY FACTUAL ALLEGATIONS)

1. In response to paragraph 9 of the Complaint, Defendant admits that BARTLETT MARKET is a grocery store, located at the listed address, and that the market is a "place of public accommodation or facility" subject to the barrier removal requirements of the ADA, but is without knowledge or information sufficient to form a belief as to the remaining allegations in said paragraph, and on that basis denies each of the remaining allegations therein.

2. In response to paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

3. In response to paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

4. In response to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. In response to paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to paragraph 14 of the Complaint, Defendant admits all allegations therein.

7. In response to paragraph 15 of the Complaint, Defendant admits all allegations therein.

8. In response to paragraph 16 of the Complaint, Defendant admits all allegations therein.

9. In response to paragraph 17 of the Complaint, Defendant admits that, Plaintiff wrote attorney Michael Hall a second letter, which stated in part: "Access into the store is provided by June 30, 2010; You write me when access is provided; If access is not or cannot be done, please write me a detailed letter telling me what, when and why access

could not be provided and everything done to do so; and, It's up to you to stay on top of this. That way, I will not have to become more involved. Thank you." but is without knowledge or information sufficient to form a belief as to the remaining allegations in said paragraph, and on that basis denies each of the remaining allegations therein.

10. In response to paragraph 18 of the Complaint, Defendant admits that no access ramp was present on July 14, 2010, but is without knowledge or information sufficient to form a belief as to the remaining allegations in said paragraph, and on that basis denies each of the remaining allegations therein.

11. In response to Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in said paragraph, and on that basis denies each of the allegations therein.

12. In response to paragraph 20 of the Complaint, Defendant admits that no access ramp was present on July 21, 2010, but is without knowledge or information sufficient to form a belief as to the remaining allegations in said paragraph, and on that basis denies each of the remaining allegations therein.

13. In response to paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations in said paragraph, and on that basis denies each of the allegations therein.

14. In response to paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

15. In response to paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

16. In response to paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

17. In response to paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

18. In response to paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

19. In response to paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

20. In response to paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 29 of the Complaint, Defendant admits that Plaintiff "seeks injunctive relief to require the BARTLETT MARKET to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990."

22. In response to paragraph 30 of the Complaint, Defendant admits that Plaintiff seeks damages for violation of his civil rights, but denies that Plaintiff is entitled to the specific relief sought, or any relief at all.

23. In response to paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

24. In response to paragraph 32 of the Complaint, Defendant admits that Plaintiff seeks an order from this Court "compelling defendants to make the BARTLETT MARKET accessible to persons with disabilities." Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in said paragraph, and on that basis denies each of the allegations therein.

25. In response to paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

26. In response to paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

27. In response to paragraph 35 of the Complaint, Defendant admits that Plaintiff served a Complaint and demand letter concurrently on defendant, but Defendant denies each of the remaining allegations therein.

28. In response to paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

## (DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION)

29. Defendant incorporates by reference, the allegations contained in paragraphs 1 through 36 of the Complaint.

30. In response to paragraph 38 of the Complaint, Defendant admits the allegations contained therein.

31. In response to paragraph 39 of the Complaint, Defendant admits the allegations contained therein.

32. In response to paragraph 40 of the Complaint, Defendant admits the allegations contained therein.

33. In response to paragraph 41 of the Complaint, Defendant admits the allegations contained therein.

34. In response to paragraph 42 of the Complaint, Defendant admits that the specific prohibitions against discriminations set forth in §302(b)(2)(a) and 42 U.S.C 12182(b)(2)(a) are properly alleged, and that the standards of the ADA were also incorporated into California Civil Code § 51, but denies the remainder of the allegations contained therein.

35. In response to paragraph 43 of the Complaint, Defendant admits the statutory language correctly references criteria concerning discrimination by public accommodations as set forth in 42 U.S.C. § 12182(b)(2)(A)(i) – (iv), but denies the remainder of the allegations contained therein.

36. In response to paragraph 44 of the Complaint, Defendant admits the statutory definition of "readily achievable," but denies the remainder of the allegations contained therein.

37. In response to paragraph 45 of the Complaint, Defendant admits the allegations therein.

38. In response to paragraph 46 of the Complaint, Defendant admits that the alleged

remedies are available pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12188, et seq., but denies the remainder of the allegations contained therein.

39. In response to paragraph 47 of the Complaint, Defendant admits that 42 U.S.C. § 12188(a)(1) – (a)(2) reads as set forth in this paragraph, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40. In response to paragraph 48, Defendant admits that Plaintiff seeks relief as alleged, but denies that Plaintiff is entitled to the specific relief sought, or any relief at all.

## SECOND CAUSE OF ACTION
## (DENIAL OF FULL AND EQUAL ACCESS)

41. Defendant incorporates by reference, the allegations contained in paragraphs 1 through 48 of the Complaint.

42. In response to paragraph 50, Defendant admits the allegations contained therein.

43. In response to paragraph 51, Defendant admits the allegations contained therein.

44. In response to paragraph 52, Defendant admits the allegations contained therein.

45. In response to paragraph 53, Defendant admits that Plaintiff seeks relief as alleged, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a person within the meaning of Civil Code § 54.1, or any of the other allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46. In response to paragraph 54, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

47. In response to paragraph 55, Defendant denies each and every allegation contained therein.

48. In response to paragraph 56, Defendant denies each and every allegation contained therein.

49. In response to paragraph 57, Defendant denies each and every allegation contained therein.

50. In response to paragraph 58, Defendant admits that Plaintiff seeks relief as alleged, but denies that Plaintiff is entitled to the specific relief sought, or any relief at all.

## THIRD CAUSE OF ACTION
### (DENIAL OF ACCESSIBLE SANITARY FACILITIES)

51. Defendant incorporates by reference, the allegations contained in paragraphs 1 through 58 of the Complaint.

52. In response to paragraph 60, Defendant admits that California Health & Safety Code § 19955 reads in pertinent part as alleged therein.

53. In response to paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

54. In response to paragraph 62, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

55. In response to paragraph 63, admits that BARTLETT MARKET is a "public accommodation or facility" within the meaning of Health & Safety Code § 19955, et seq., but lacks sufficient information and belief to allow it to admit or deny whether other unnamed markets are "public accommodations or facilities," and on that basis denies these allegations.

56. In response to paragraph 64, Defendant denies each and every allegation contained therein.

57. In response to paragraph 65, Defendant admits that Plaintiff seeks relief as alleged, but denies that Plaintiff is entitled to the specific relief sought, or any relief at all.

58. In response to paragraph 66, Defendant admits that Plaintiff seeks injunctive relief as alleged, but denies that Plaintiff is entitled to the specific relief sought, or any relief at all.

## FOURTH CAUSE OF ACTION

## (DENIAL OF ACCESS TO ACCOMMODATIONS - UNRUH ACT)

59. Defendant incorporates by reference, the allegations contained in paragraphs 1 through 66 of the Complaint.

60. In response to paragraph 68, Defendant denies each and every allegation contained therein.

61. In response to paragraph 69, Defendant denies each and every allegation contained therein.

62. In response to paragraph Defendant 70, denies each and every allegation contained therein.

63. In response to paragraph 71, Defendant denies each and every allegation contained therein.

64. In response to paragraph 72, Defendant denies each and every allegation contained therein.

65. In response to paragraph 73, Defendant admits that Plaintiff seeks relief as alleged, but denies that Plaintiff is entitled to the specific relief sought, or any relief at all.

## **AFFIRMATIVE DEFENSES**

Defendant affirmatively asserts affirmative defenses, as follows:

### FIRST AFFIRMATIVE DEFENSE

As a separate ad distinct First Affirmative Defense to the Complaint and each cause of action alleged therein, Defendant alleges that the Complaint and said causes of action fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges, on information and belief, that Plaintiff failed to take reasonable action to mitigate his damages, if any, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiff's part.

///

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff voluntarily, and with full knowledge of the matters referred to in the Complaint, assumed any and all of the risk, hazards, and perils of the circumstances referred to in the Complaint, and therefore assumed the risk of any injuries or damages sustained by Plaintiff, if any at all.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that this incident was caused by the negligence and/or fault of other persons, corporations, and entities of both parties and non-parties to this action, whether named or not named, and that Defendant's liability, if any, should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff's Compliant is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that any act or omission on its part as alleged in the Complaint was excused as the removal of barriers, if any, was not readily achievable.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that any act or omission in its part as alleged in the Complaint was excused as a result of structural impractability.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times alleged in the Complaint, Defendant provided reasonable accommodations to disabled persons and exercised due diligence in their acts and activities.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that insofar as Defendant has not made the alteration(s), repair(s), or modification(s), structural or otherwise, requested by Plaintiffs, those changes were not and are not required under federal or California law, and any requirements to make those changes would result in an undue burden to Defendant.

TENTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that its actions were undertaken in good faith and with a reasonable belief that they were lawful.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that that the construction, alteration, repair, or modification, structural or otherwise, requested by Plaintiffs, are not readily achievable, and are therefore not required by law.

TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that it did not perform any structural work at the premises.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that it has never provided restrooms or other sanitary facilities to the public.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that as a consequence of the conduct attributable to Plaintiff in connection with the alleged incident that is the subject of this litigation and the bringing of this claim, Plaintiff is estopped from securing any relief from Defendant.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred by reason of the issuance by local building authorities of appropriate building permits for Defendant's market.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred by reason of Defendant's good faith reliance upon the permissible, reasonable interpretations of California law by local building authorities and the issuance by local building authorities of appropriate building permits for Defendant's market.

///

///

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff's Compliant, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff is not entitled to recover attorney's fees against Defendant.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that as a consequence of the conduct attributable to Plaintiff in connection with the alleged incident that is the subject of this litigation and the bringing of this claim, Plaintiff waived the right to secure any relief from Defendant.

**PRAYER**

WHEREFORE, Defendant prays:

1. Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by way of their Complaint;

3. That Plaintiff be denied recovery of attorney's fees and costs in their entirety;

4. That Defendant recover reasonable attorney's fees and costs of suit incurred in responding to this action as allowed by law;

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 8, 2010         M C HALL & ASSOCIATES

By: _____
MICHAEL C. HALL
ALLISON L. WANG
Attorneys for Defendant
MARIAN VIZZARD (incorrectly sued herein as "Marion Vizzard")

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated: October, 8, 2010

M C HALL & ASSOCIATES

By: _____
MICHAEL C. HALL
ALLISON L. WANG
Attorneys for Defendant
MARIAN VIZZARD (incorrectly sued herein as "Marion Vizzard")

# CERTIFICATE OF SERVICE - CIVIL

**RE:** *Craig Yates v. Barlett Market & Liquors, et al.*
Case No. CV-10-3347 MEJ

I declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within cause; my business address is 605 Market Street, Suite 900, San Francisco, California 94105. On October 8, 2010 I served a true copy of the foregoing:

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

on the interested parties in said action:

Thomas E. Frankovich
The Frankovich Group
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Fax: (415) 674-9900

in the manner marked below:

[X] **BY UNITED STATES MAIL:** I caused a true and correct copy of the above document, by following ordinary business practices, to be placed and sealed in an envelope addressed to the addressee and for collection and mailing with the United States Postal Service in the ordinary course of business, correspondence placed for collection on a particular day, which is deposited with the United States Postal Service that same day.

[ ] **BY OVERNIGHT MAIL:** I caused a true and correct copy of the above document, by following ordinary business practices, to be placed and sealed in an envelope addressed to the addressee and for collection and mailing with Federal Express in the ordinary course of business, correspondence placed for collection on a particular day, which is deposited with Federal Express that same day.

[ ] **BY MESSENGER SERVICE:** I caused a true and correct copy of the above document to be delivered to the parties in such cause by hand delivery by placing same in a sealed envelope addressed to the addressee and providing it to a professional messenger service for service.

[ ] **BY FACSIMILE TRANSMISSION:** I caused a copy of such document to be transmitted via facsimile machine. The fax number of the machine to which the document was transmitted is listed above. The facsimile transmission was reported as complete and without error.

I certify under penalty of perjury under that the foregoing is true and correct. Executed at San Francisco, California on October 8, 2010.

_____
Brian Holland